NOT FOR PUBLICATION                                    (Docket Entry No. 9, 22, 23)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                                    :
KIP CRAWFORD,                                       :
                                                    :
                        Plaintiff,                  :        Civil No. 07-5778 (RBK)
                                                    :
            v.                                      :        **OPINION**
                                                    :
BARR PHARMACEUTICALS, INC., et al                   :
                                                    :
                        Defendants.                 :
_____                :


**KUGLER**, UNITED STATES DISTRICT JUDGE:

        This case, having been removed from the Superior Court of New Jersey by Defendants

Barr Pharmaceuticals, Inc., et al ("Defendants"), comes before the Court on the motion of

Plaintiff Kip Crawford ("Plaintiff") to remand this matter back to New Jersey Superior Court,

Law Division, in Atlantic County.  Plaintiff moves to remand on one ground, that the case was

not properly removed pursuant to 28 U.S.C. § 1441.  The principal issue to be decided in this

case is whether an in-state defendant who has been served with a copy of the summons and

complaint but not served with a Track Assignment Notice ("TAN") may remove a complaint,

based on diversity jurisdiction and in light of the prohibition in 28 U.S.C. § 1441(b) against

removal of diversity cases where an in-state defendant has been "properly joined and served."

For the reasons set forth below, Plaintiff's motion is granted, and the case will be remanded to

1

the Superior Court.

## I.    BACKGROUND

Plaintiff Kip Crawford is a citizen of Utah.  (Notice of Removal ¶ 6).  Defendants are (1) Barr Pharmaceuticals, Inc., a Delaware corporation with its principal place of business in New Jersey, (2) Barr Laboratories, Inc., a Delaware corporation with its principal place of business in New Jersey, (3) Ranbaxy, Inc., a Delaware corporation with its principal place of business in New Jersey, and (4) Ranbaxy Pharmaceuticals, Inc., a Florida corporation with its principal place of business in Florida.  (Notice of Removal ¶¶ 7-10).  The four defendants shall be referred to collectively as the "Defendants."

Plaintiff's Complaint avers that Defendants manufactured, promoted, marketed, developed, sold and/or distributed the pharmaceutical drug isotretinoin, marketed as Claravis and/or Sotret, the generic equivalent of the drug Accutane.  (Compl. ¶¶ 12-13).  Plaintiff alleges that he received the drugs Claravis and Sotret pursuant to a prescription.  (Compl. ¶¶ 26, 29). Plaintiff claims that as a result of his use of Claravis and Sotret, he sustained severe damage, including but not limited to gastrointestinal problems including inflammatory bowel disease and Crohn's disease.  (Compl. ¶¶ 27, 30).  Plaintiff requests compensatory, punitive, and treble damages under the New Jersey Consumer Fraud Act, the New Jersey Products Liability Act, as well as under common law.  (Compl. ¶¶ 32-103).

Plaintiff filed this action in the Superior Court of New Jersey, Atlantic County on November 29, 2007.  On November 30, 2007, Defendants were served with copies of the summons and complaint.  (Notice of Removal  n. 1).  On or about December 4, 2007, Plaintiff's counsel received the TAN from the Clerk of the Superior Court.  (Pl.'s Br. at 3).  A TAN is used

for case management purposes in New Jersey courts and is issued by the Clerk of the Superior

Court pursuant to New Jersey Civil Practice Rule 4:5A-2(a).  The TAN advises the parties of the

name of the judge assigned to the case, notes the number of days allowed for discovery, and

describes the rule for applying for a change of track assignment.  Rule 4:5A-2(a) states that the

court shall mail notice of the track assignment to the plaintiff within ten days after the filing of a

complaint.  The parties agree that, on December 5, 2007, Defendants were served with a copy of

the TAN issued for this case.  (Pl.'s Br. at 3; Def.'s Br. at 3).

On December 4, 2007, after Defendants were served with copies of the summons and

complaint but before Defendants were served with a copy of the TAN, Defendants removed this

case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, et seq.

Defendants' Notice of Removal, filed in this Court, asserts that this Court's jurisdiction is

premised upon diversity of citizenship under 28 U.S.C. § 1332.  Plaintiff now files this motion

for remand, arguing that removal of this matter was improper, and the case should be remanded

to New Jersey Superior Court.

## II.    DISCUSSION

### A.    Standard for Removal

Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a

federal court with original jurisdiction over the action.  Once an action is removed, a plaintiff

may challenge removal by moving to remand the case back to state court.  To defeat a plaintiff's

motion to remand, the defendant bears the burden of showing that the federal court has

jurisdiction to hear the case.  Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir.

1995).  Where the decision to remand is a close one, district courts are encouraged to err on the

side of remanding the case back to state court.  See Abels, 770 F.2d at 29 ("Because lack of

jurisdiction would make any decree in the case void and the continuation of the litigation in

federal court futile, the removal statute should be strictly construed and all doubts should be

resolved in favor of remand."); Glenmede Trust Co. v. Dow Chemical Co., 384 F. Supp. 423,

433-34 (E.D. Pa. 1974) ("It is well settled that district courts should remand close or doubtful

cases for two reasons.  First, remand will avoid the possibility of a later determination that the

district court lacked jurisdiction and, secondly, remand is normally to a state court which clearly

has jurisdiction to decide the case.").

A case based on state law, as the current matter is, may be removed to federal court if (1)

the federal district court has original diversity jurisdiction (because the amount in controversy

exceeds $75,000, and there is complete diversity of citizenship between the plaintiffs and

defendants), 28 U.S.C. § 1332, and (2) none of the parties properly joined and served at the time

of the removal are residents of the forum state, 28 U.S.C. § 1441(b).  The second requirement is

the central issue in this case.

### B.  Analysis

The first requirement for removal in a case based on state law is satisfied in this case.

This Court has original jurisdiction under 28 U.S.C. § 1332.  Complete diversity of citizenship

exists because Plaintiff is a Utah citizen while Defendants are citizens of New Jersey, Delaware,

and Florida for the purposes of determining jurisdiction.  The amount in controversy appears

from the face of the Complaint to exceed $75,000, excluding interest and costs.  In his

Complaint, Plaintiff does not allege a specific value of his claims, but this Court is satisfied that

Defendants have demonstrated, as the removing party, that the amount in controversy exceeds

$75,000 based on a reasonable analysis of the value of the rights being litigated.  Angus v.

Shiley, Inc., 989 F. 2d 142, 146 (3d Cir. 1993).  Plaintiff seeks compensatory, punitive, and

treble damages relating to his allegedly suffering serious physical and emotional injuries due to

ingesting Defendants' products.  (Compl.at 21).  The requirements of 28 U.S.C. § 1332 are

satisfied in that there is complete diversity of the parties and, by a reasonable reading of the

Complaint, the amount in controversy likely exceeds the $75,000 jurisdictional requirement.

Plaintiffs move, pursuant to 28 U.S.C. § 1447(c), to remand this case to New Jersey

Superior Court, contending that because three named Defendants are citizens of New Jersey, the

forum state, and all named Defendants were properly joined and served with process prior to the

date Defendants filed the Notice of Removal with this Court, removal is not permitted under 28

U.S.C. § 1441(b).  Plaintiff asserts that New Jersey Rule 4:4-4 explicitly describes the method by

which New Jersey courts obtain in personam jurisdiction, and notes that the Rule only requires

that service of process include copies of the summons and complaint, not the TAN.  Plaintiff

further asserts that Defendants were properly served with both the summons and complaint and

were properly served with the TAN the day after it was received by the Plaintiff from the court.

Plaintiff argues that his service of process on Defendants was sufficient to obtain jurisdiction

over Defendants and to justify remand in accordance with 28 U.S.C. § 1441(b).  Defendants

argue that they were not properly served because Plaintiff was required by New Jersey Rule

4:5A-2(a) to include a copy of the TAN when Plaintiff first had copies of the summons and

complaint served on Defendants.  Defendants do not dispute that they were served with copies of

the summons and complaint.  However, Defendants argue that because the TAN was not

included with the service of process on November 30, 2007, the entire service was improper.

Plaintiff asserts that he had Defendants served with a copy of the TAN the day after Plaintiff received it from the Clerk of the Superior Court.

The plain reading of 28 U.S.C. § 1441(b), supported by substantial authority, as well as the plain reading of New Jersey Rules 4:4-4 and 4:5A-2 warrant granting Plaintiff's motion to remand.  The Third Circuit has held that when examining issues dependent upon statutory construction, the Court should, "give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive." Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001) (citing Negonsott v. Samuels, 507 U.S. 99, 104 (1993)).  The language of the statute at issue in this case is clear.  Removal is prohibited where a defendant who is a resident of the forum state has been properly joined and served.  In this case, the parties agree that Defendants were served with copies of the summons and complaint prior to the date when Defendants filed their Notice of Removal.  The question then is whether the service effected on Defendants on November 30, 2007 was proper.

As this case was filed initially in New Jersey Superior Court, this Court looks to the New Jersey Rules Governing Civil Practice to determine whether service was proper.  Rule 4:4-4 states:

> Service of summons, writs and complaints shall be made as follows: (a) Primary Method of Obtaining In Personam Jurisdiction.  The primary method of obtaining in personam jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State pursuant to R. 4:4-3, as follows:
>
> . . . (6) Upon a corporation, by serving a copy of the summons and complaint.

The plain reading of the Rule is that proper service is effected by serving a copy of the summons

6

and complaint according to procedures outlined in the Rule.  Rule 4:4-4 does not include a requirement that a plaintiff serve a copy of the TAN with service of the summons and complaint.

Rule 4:5A-2(a) states that, "Within ten days after the filing of the complaint, the court shall mail a notice of track assignment to the plaintiff.  The plaintiff shall annex a copy of the notice to process served on each defendant."  Although Rule 4:5A-2(a) requires a plaintiff to serve each defendant with the TAN upon its issuance, the plain meaning of the Rule is that a copy of the TAN is an annex to process served, in other words an addition.  Defendants note in their brief that comment 3 to Rule 4:5A explains that the Rule requires that, "plaintiff annex a copy of the notice to original process served on each defendant."  Although Defendants argue that the comment requires delivery upon a defendant of copies of the summons, complaint, and TAN at the time of service of process, this is not the plain meaning of the Rules or this comment. The plain meaning of Rule 4:5A-2(a) is that the TAN is an addition, or "annex," to the original process served, not that the TAN must be included when original process is served.  To be sure, Rule 4:4-4 does not mention the TAN as a necessary element for proper service.  A plain reading of 28 U.S.C. § 1441(b) establishes that removal would have been proper had Defendants removed this case prior to being properly served.  Given the plain meaning of the New Jersey Civil Practice Rules, proper service is effected upon service of only the summons and complaint, not the TAN.

The line of cases cited by Defendants, in support of their proposition that removal is proper because the TAN must be included with copies of the summons and complaint to effect proper service of process, involves situations where defendants were not served with any of the required documents comprising service of process prior to defendants' removal.  See e.g.,

Thomson v. Novartis Pharmaceuticals, Corp., et al., 2007 WL 1521138 (D.N.J. May 22, 2007).
Those cases are thus distinguishable from the instant matter.

28 U.S.C. § 1441(b) forbids removal when a properly joined and served party is a citizen of the forum state.  As three of the Defendants in this case are citizens of New Jersey, the forum state, removal is improper if notice of removal is filed after a forum defendant has been properly joined and served.  As three of the Defendants in this case are citizens of New Jersey, and were served with a summons and complaint prior to filing Notice of Removal, the Defendants may not remove the complaint based on diversity jurisdiction and in light of the prohibition in 28 U.S.C. § 1441(b) against removal of diversity cases where an in-state defendant has been "properly joined and served."

## III.   CONCLUSION

For the reasons discussed above, this case will be remanded to the Superior Court of Atlantic County.  An accompanying Order shall issue today.


Dated:   _____8/29/08_____                   _____/s/ Robert B. Kugler_____
                                                                         ROBERT B. KUGLER
                                                                         United States District Judge